## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

R. ALEXANDER ACOSTA,
Secretary of Labor,

    Plaintiff,

    v.

LOCAL 1400, COMMUNICATIONS
WORKERS OF AMERICA, AFL-CIO

    Defendant.

Civil Action No.

## COMPLAINT

Plaintiff R. Alexander Acosta ("Plaintiff"), Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the October 4, 2017, election of union officers, by acclamation, conducted by Local 1400, Communications Workers of America, American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") ("Defendant") for the offices of President, Executive Vice President, Recording Secretary, Treasurer, District 2 Vice President, District 3 Vice President, District 4 Vice President, and District 5, 6, 7 Vice President is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Rockingham, New Hampshire, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7. Defendant has approximately 1000 members who are employed by six employers in the communications field across the states of New Hampshire, Maine, Vermont, and Massachusetts.

8. On October 4, 2017, Defendant conducted an election for numerous union office positions. Article XIV, Section 1(A) of Defendant's Bylaws provides that "Nomination for election to any Local Elective Office . . . shall be made at a Membership meeting or by self-obtained petition from the Election Committee, from September 1st through the 3rd Thursday in September, every three (3) years (emphasis added)." The Bylaws also provide that "[t]here will be two (2) Membership meetings held each year during the months of April and October."

9. Defendant did not hold a special membership meeting during the nomination period for the October 4, 2017, election and members were, therefore, not able to submit nominations at a membership meeting.

10. Petitions for election were available from the Election Committee beginning on September 1, 2017, and the completed petitions were to be received at the Election Committee's post office box no later than 4 p.m. on September 21, 2017. Candidates were required to obtain a

specified number of signatures from members in good standing, represented by the position, prior to submission of the petition. In addition, although members could request more than one petition, they were only permitted to submit one completed petition (i.e., candidates were only allowed to run for one office).

11. The petitions that the Election Committee initially sent out were blank, except for the title of the position listed at the top of each page. However, petitions sent out on or after September 8, 2017, were initialed and dated by the Election Committee so that they could determine if a petition was self-obtained when it was submitted.

12. On September 11, 2017, Chris McPherron ("McPherron") called the Election Committee and requested a petition for the position of President to ensure that he was on record as having "self-obtained" a nomination petition for the position. McPherron received his petition, which contained the initials of the Election Committee Chairperson and was dated "9/11," on September 13, 2017. The petition was in contrast to the blank petitions that had been mailed out to requesters earlier in the nomination process. At that time, McPherron had already collected approximately 120 signatures on the blank President petition that he had obtained from another member before September 8, 2017. Thus, McPherron continued to use the initial petition, rather than the one mailed to him following his call on September 11, 2017.

13. On September 11, 2017, Sumner Delaney ("Delaney") called the Election Committee and requested a petition for the position of Executive Vice President to ensure that he was on record as having "self-obtained" a nomination petition for that position. Delaney never received the nomination packet for Executive Vice President that he requested on September 11, 2017, from the Election Committee, and he did not follow-up with them because he was already gathering signatures on a blank Executive Vice President petition that he had obtained from another member before September 8, 2017.

14. Lynda Bernson ("Bernson") contacted the Election Committee on September 11, 2017, requesting a petition for the office of Treasurer. However, she was already gathering signatures on

a blank Treasurer petition that she had obtained from another member before September 8, 2017, and continued using the initial petition, rather than the one mailed to her following her call on September 11, 2017.

15. On September 13, 2017, Jim White ("White") called the Election Committee to request a petition for the office of District 2 Vice President. However, he was also already gathering signatures on a blank District 2 Vice President petition that he had obtained from another member before September 8, 2017, and continued using that petition, rather than the one mailed to him following his call on September 13, 2017.

16. These four candidates, McPherron, Delaney, Bernson, and White, all of whom were members in good standing of Defendant, submitted nomination petitions that they had received from someone other than the Election Committee. Each of their four petitions was timely submitted, contained the requisite number of signatures, and otherwise met all eligibility criteria.

17. Defendant, purporting to act pursuant to its Bylaws and the AFL-CIO's Constitution, conducted an election of officers, by acclamation, on October 4, 2017, and the election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

18. On or about September 22, 2017, the Election Committee disqualified the nomination petitions of McPherron, Delaney, Bernson, and White on the grounds that the petitions were not self-obtained.

19. By letter dated September 25, 2017, to the Election Committee, McPherron appealed the disqualification of his petition for the office of President, as well as the disqualification of the petitions belonging to Delaney, Bernson, and White.

20. By letter dated October 4, to McPherron, the Election Committee upheld its disqualification.

21. McPherron appealed the decision of the Election Committee to the Executive Board by letter dated October 10, 2017.

22. By letter dated November 20, 2017, to McPherron, the Executive Board denied the appeal.

23. McPherson appealed the Executive Board's decision to the International's District 1 Vice President by letter dated November 27, 2017.

24. Having invoked the remedies available for three calendar months without receiving a final decision, McPherron filed a timely complaint with the Secretary of Labor on January 9, 2018, within the one calendar month required by section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

25. By letter signed January 29, 2018, Defendant agreed that the time within which Plaintiff may bring suit be extended to March 30, 2018.

26. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), Plaintiff investigated the complaint and, as a result of the facts shown by the investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of Defendant's October 4, 2017 election, completed by acclamation; and (2) such violation had not been remedied at the time of the initiation of this action.

## CAUSE OF ACTION

27. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), as well as the interpretative regulations at 29 C.F.R. § 452.58, during the conduct of the election, in that members were denied a reasonable opportunity to be nominated or to nominate the candidate of their choice because the self-obtained petition requirement employed by Defendant operated as a self-nomination requirement and was the only method by which members were allowed to obtain nominations.

28. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the election when it applied an unreasonable candidate qualification to four members in good

standing, who were otherwise qualified to be candidates, and denied them the right to run for office because they failed to submit self-obtained nomination petitions.

29. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the election when it failed to uniformly apply the requirement that nomination petitions be self-obtained, resulting in four members in good standing being denied the right to run for office because they failed to submit self-obtained nomination petitions.

30. The violations of section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of Defendant's election for the offices of President, Executive Vice President, Recording Secretary, Treasurer, District 2 Vice President, District 3 Vice President, District 4 Vice President, and District 5, 6, 7 Vice President.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's election for the offices of President, Executive Vice President, Recording Secretary, Treasurer, District 2 Vice President, District 3 Vice President, District 4 Vice President, and District 5, 6, 7 Vice President void;

(b) directing Defendant to conduct a new election for those offices under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

    Respectfully submitted,

    SCOTT W. MURRAY
    United States Attorney

    By: /s/ Terry L. Ollila
    Terry L. Ollila
    Assistant U.S. Attorney
    NH Bar No. 16371
    MA Bar 560603
    U.S. Attorney's Office
    53 Pleasant Street, 4th Floor

                    Concord, NH 03301-3904
                    Terry.Ollila@usdoj.gov

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

RADINE LEGUM
Counsel for Labor-Management Programs

JENNIFER FREY
Attorney
U.S. Department of Labor