UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

R. ALEXANDER ACOSTA,  )
Secretary of Labor,  )
    Plaintiff  )    Civil Action No. 1:18-cv-262-PB
)
v.  )
)
LOCAL 1400, COMMUNICATIONS  )
WORKERS OF AMERICA,  )
AFL-CIO,  )
    Defendant  )

## ANSWER

Defendant Local 1400, Communications Workers of America, AFL-CIO answers the Complaint as follows.

### NATURE OF THE ACTION

1. This paragraph contains no factual averments, and therefore no responsive pleading is required. To the extent a response is required, this paragraph is denied.

### JURISDICTION ANVD VENUE

2. This paragraph contains a legal conclusion, and therefore no responsive pleading is required. To the extent a response is required, this paragraph is denied.

3. This paragraph contains a legal conclusion, and therefore no responsive pleading is required. To the extent a response is required, this paragraph is denied.

### PARTIES

4. This paragraph contains a legal conclusion, and therefore no responsive pleading is required. To the extent a response is required, this paragraph is denied.

5. Admitted.

## **FACTUAL ALLEGATIONS**

6. Admitted.

7. Admitted that the Defendant currently represents about 900 members employed by six employers in the listed states.

8. Admitted that Local 1400 held an election for union officers on October 4, 2017. Answering further, Defendant states that its bylaws speak for themselves.

9. Admitted that no membership meeting was held during the nomination period.

10. Admitted.

11. Admitted. Answering further, the Election Committee began its practice of initialing and dating petitions on or after September 8, 2017, because the Election Committee learned that some candidates for local union office were violating rules regarding self-obtained petitions.

12. Admitted that McPherron called the Election Committee on September 11, 2017, but Local 1400 is without knowledge as to McPherron's motive for calling, and that aspect of the allegation is therefore denied. Local 1400 is without knowledge as to when McPherron received the petition. Admit that the petition sent on or about September 11, 2017, was marked with the initials of the Election Committee Chairperson, and the date the petition was sent. Admitted that McPherron had obtained some number of signatures on a petition for president that he had obtained from another member, in deliberate and knowing violation of Local 1400's bylaws. Local 1400 is without knowledge as to why McPherron decided not to gather nomination signatures in compliance with Local 1400's bylaws, and that allegation is denied. Except to the extent admitted, this paragraph is denied.

13. Admitted that Delaney requested a petition for the position of Executive Vice President, but Local 1400 is without knowledge as to Delaney's motives for making the request. Local 1400 admits Delaney did not receive the nomination packet that he requested on September 11, 2017. Local 1400 is without information as to Mr. Delaney's motive for not following up. Except to the extent admitted, this paragraph is denied.

14. Local 1400 is without knowledge as to whether Ms. Bernson "was already gathering signatures" or whether she "continued using the initial petition," and therefore denies those allegations. The remaining allegations of paragraph 14 are admitted.

15. Local 1400 is without knowledge as to whether Mr. White "was already gathering signatures" or whether he "continued using the initial petition," and therefore denies those allegations. The remaining allegations of paragraph 15 are admitted.

16. Admitted.

17. Local 1400 admits that pursuant to its By-Laws and the CWA Constitution it conducted an election of officers by acclamation on October 4, 2017.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. This paragraph contains a legal conclusion, and therefore no responsive pleading is required. To the extent a response is required, this paragraph is denied.

25. The letter signed on January 29, 2018, speaks for itself.

26. Admitted that the Department found probable cause, but denied that the Department's investigation was in accordance with Section 402 of the Act.

## CAUSE OF ACTION

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Local 1400 prays for judgment, dismissing all claims against it, along with an award of attorney's fees, costs, and such other relief as may be appropriate.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be grated.

2. The Department of Labor's investigation was procedurally tainted because its investigation began prematurely, requiring dismissal of this suit.

3. The Department of Labor has unclean hands because it communicated with the Candidates prior to an investigation being properly initiated.

4. The unsuccessful candidates have unclean hands because they deliberately refused to follow neutral, long-standing internal election rules.

5. The unsuccessful candidates failed to exhaust internal union remedies.

6. The Department and the candidates on whose behalf it brings this suit knew or reasonably should have known that the Local By-Laws have required "self-obtained petitions" for approximately 13 years before the 2017 election.

                                              Respectfully submitted,

                                              LOCAL 1400, COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO

                                              By its counsel,

                                              /s/ James A.W. Shaw
                                              Paul F. Kelly, *Pro Hac Vice*
                                              James A.W. Shaw, N.H. Bar No. 266358
                                              SEGAL ROITMAN, LLP
                                              33 Harrison Ave., 7th Floor
                                              Boston, MA 02111
                                              (617) 603-1432
Dated: April 26, 2018                      jshaw@segalroitman.com

## CERTIFICATE OF SERVICE

I certify that on April 26, 2018, a copy of the foregoing document was served via ECF upon counsel for R. Alexander Acosta (Terry Ollila, Esq., AUSA)

                                              /s/ James A.W. Shaw