UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

R. ALEXANDER ACOSTA, Secretary,  )
U.S. Department of Labor,        )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )  No. 18-cv-262-PB
                                 )
LOCAL 1400 COMMUNICATIONS        )
WORKERS OF AMERICA, AFL-CIO,     )
                                 )
    Defendant.                   )
_____)

## REPORT OF PARTIES' PLANNING MEETING
Fed. R. Civ. P. 26(f), LR 26.1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1, the parties submit the following discovery and litigation plan.

**DATE/PLACE OF MEETING:**

Telephone and email correspondence completed by May 24, 2018.

**COUNSEL REPRESENTING:**

Terry L. Ollila, Assistant U.S. Attorney, for Plaintiff, Secretary, United States Department of Labor ("Secretary").

Paul F. Kelly, Esquire, and James A.W. Shaw, Esquire, for Defendant Local 1400, Communications Workers of America, AFL-CIO ("Local 1400").

## CASE SUMMARY

**THEORY OF LIABILITY**:

The Secretary alleges that Local 1400 violated Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-83, ("the Act") during its October 4, 2017 election. Specifically, Local 1400's requirement that would-be candidates submit only

"self-obtained" nomination petitions violated the Act in that it (1) denied members a reasonable opportunity to be nominated or to nominate candidates of their choice; (2) imposed an unreasonable candidate qualification; and (3) was not applied uniformly to all candidates.

**THEORY OF DEFENSE:**

The 2017 election was run in strict compliance with the Local 1400 By-Laws by the Local Union Election Committee and the successful candidates. The unsuccessful candidates attempted to circumvent the By-Law requirement that nomination petitions be "self-obtained" by registering for offices for which they did not intend to run and swapping nomination papers with others who did not intend to run at all. The unsuccessful candidates knew and understood the nomination process but chose to circumvent it through misrepresentations to the Election Committee.

The "self-obtained" petition requirement has been part of the Local 1400 By-Laws for more than ten years, well known to both the unsuccessful candidates and to the DOL. The "self-obtained" requirement is not contrary to the LMRDA. It presented no problem to any candidate until the attempt to circumvent it during this election. In this respect the unsuccessful candidates, and perhaps an agent of the DOL, have unclean hands and should not be granted the equitable relief to re-run an election they subverted.

**DAMAGES:**

The Secretary seeks a new, supervised election for all the affected races: President, Executive Vice President, Recording Secretary, Treasurer, District 2 Vice President, District 3 Vice President, District 4 Vice President and District 5, 6, 7 Vice President.

**DEMAND:**

On or before December 28, 2018.

**OFFER**:

On or before January 22, 2019.

**JURISDICTIONAL QUESTIONS:**

The parties do not anticipate any jurisdictional questions at this time.

**QUESTIONS OF LAW:**

At the appropriate time, Plaintiff will submit a motion for summary judgment which will ask the Court to determine: (1) Whether the self-obtained petition requirement employed by Defendant, which was the only means by which members could submit nominations, operated as a self-nomination requirement, in violation of 29 U.S.C. § 481(e), as well as the interpretative regulations at 29 C.F.R. § 452.58; (2) Whether the self-obtained petition requirement employed by Defendant constituted an unreasonable candidate qualification as applied to the four disqualified candidates in the October 4, 2017 election, in violation of 29 U.S.C. § 481(e); and (3) Whether Defendant failed to uniformly apply the self-obtained petition requirement to all candidates in the October 4, 2017 election, in violation of 29 U.S.C. § 481(e).

**TYPE OF TRIAL:**

Bench

## **SCHEDULE**

**TRACK ASSIGNMENT:**

The parties expect that the matter will be ready for trial approximately 12 months after the preliminary pretrial conference scheduled for May 31, 2018.

**TRIAL DATE:**

Due to potential scheduling issues, the parties will not be ready for trial until the two-week trial period beginning September 4, 2019.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

If Defendant claims that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), Defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than September 14, 2018. Plaintiff shall have 30 days from the date of the disclosure to amend the complaint.

**AMENDMENT OF PLEADINGS:**

| | |
|---|---|
| Plaintiff: | August 6, 2018 |
| Defendant: | November 26, 2018 |

**JOINDER OF ADDITIONAL PARTIES:**

| | |
|---|---|
| Plaintiff: | August 17, 2018 |
| Defendant: | November 26, 2018 |

**THIRD-PARTY ACTIONS:** October 29, 2018

**MOTIONS TO DISMISS:** August 29, 2018

**DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Expert witness disclosures required by Fed. R. Civ. P. 26(a)(2) will be made by Plaintiff on October 29, 2018, and by Defendant on December 28, 2018. Expert disclosures will comply with the requirements of Rule 26(a)(2). Additionally, any demonstrative exhibits which will be used by the experts need not be produced until the time of the final pretrial statements.

Supplementation of all disclosures under Rule 26(e) shall be made as soon as reasonably possible upon discovery of the supplemental information, but no later than 30 days after discovery of the information. Final supplementation will occur no later than March 20, 2019.

**COMPLETION OF DISCOVERY:** April 8, 2019

**MOTIONS FOR SUMMARY JUDGMENT:** May 7, 2019

**CHALLENGES TO EXPERT TESTIMONY:** April 22, 2019

## **DISCOVERY**

**DISCOVERY NEEDED:**

Plaintiff's Discovery: Interrogatories, requests for production of documents, requests for admissions, and depositions regarding all aspects of his claim.

Defendant's Discovery: Interrogatories, requests for production of documents, requests for admissions, and depositions regarding all aspects of Plaintiff's claims.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

The parties agree to waive mandatory disclosures in this matter.

**INTERROGATORIES:**

The parties agree to a limit of 25 interrogatories, including subparts, to a party with responses due 30 days after service.

**REQUESTS FOR ADMISSION:**

The parties agree to a maximum of 25 requests for admission to a party with responses due 30 days after service.

**DEPOSITIONS:**

The parties expect to use less than the presumptive limit of ten depositions of witnesses per party, not including expert depositions. The parties also expect to complete all witness

depositions within the presumptive limit of seven hours per witness. The parties will attempt to modify these limitations by written stipulation without resort to the Court if circumstances unforeseen at this time reasonably require depositions beyond the presumptive limits.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

The parties agree that electronic discovery requests and responses will be limited to reasonably accessible data retained in a machine-readable format, and that it will be produced either in bates-stamped, hard copy or in .pdf format on cd-rom or dvd, in either instance with any required privilege log. If, at any point during this litigation, any party seeks production of electronically-stored information in electronic format other than .pdf, the parties agree to meet and confer in good faith regarding the scope of the requests and the costs and burden associated with producing that information.

The parties agree to act in good faith to preserve potentially discoverable material, including electronically-stored information that is reasonably accessible. If electronically-stored information is maintained in a system that is subject to automatic deletion, purging or overwriting, the party with control of that information need not maintain that information beyond the regularly scheduled deletion, purge or overwriting date unless that party has knowledge that responsive information actually is contained in that system or unless the opposing party specifically requests it in writing.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE:**

The parties agree that the inadvertent disclosure of privileged information does not constitute a waiver and that, if notice of inadvertent disclosure is given pursuant to Fed. R. Civ. P. 26(b)(5), the party receiving the privileged information will promptly return the specified information together with any copies, and will not use or disclose the information for any

purpose. To the extent the information has already been disclosed by the receiving party, the party shall take reasonable measures to retrieve the information or halt its further use or distribution. If the parties are unable to agree on a claim of privilege, the issue may be submitted to the Court for resolution by proper motion.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

The parties, in good faith, will explore the possibility of settlement when it is appropriate. It is premature to assess the likelihood of settlement at this time.

**JOINT STATEMENT RE MEDIATION:**

A joint statement regarding the suitability of this case for mediation shall be filed with the Court no later than January 22, 2019.

**TRIAL ESTIMATE:** 1 day

**WITNESSES AND EXHIBITS:**

The parties agree that the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) will be made in the final pretrial statements submitted ten days before the final pretrial conference.

**FINAL PRETRIAL CONFERENCE:**

The parties agree that the preliminary pretrial conference set for May 31, 2018 is not necessary.

**OTHER MATTERS:**

None at this time.

|  |  |
|---|---|
| | Respectfully submitted, |
| DEFENDANT LOCAL 1400 | SCOTT W. MURRAY<br>United States Attorney |
| By: /s/ Paul F. Kelly<br>Paul F. Kelly, Esquire<br>Pro Hac Vice<br><br>/s/ James A.W. Shaw<br>James A.W. Shaw, Esq.<br>NH Bar No. 266358<br>Segal Roitman, LLP<br>33 Harrison Avenue, 7th Floor<br>Boston, MA 02111<br>(617) 603-1432<br>pkelly@segalroitman.com | By: /s/ Terry L. Ollila<br>Terry L. Ollila<br>Assistant U.S. Attorney<br>NH Bar No. 16371<br>Office of the United States Attorney<br>53 Pleasant Street, 4th Floor<br>Concord, NH 03301<br>(603) 225-1552<br>terry.ollila@usdoj.gov |
| Dated: May 18, 2018 | Dated: May 18, 2018 |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, May 24, 2018, a copy of the above Report of the Parties Planning Meeting was served via the ECF System on Paul Kelly, Esquire, counsel for Defendant.

                                                               /s/ Terry L. Ollila
                                                               Terry L. Ollila, AUSA