**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

R. Alexander Acosta, Secretary
U.S. Department of Labor

   v.                                       Case No. 18-cv-262-PB

Local 1400 Communications
Workers of America, AFL-CIO

**O R D E R**

On May 18, 2018, the parties submitted a proposed discovery plan. Doc. no. 8. The discovery plan is approved and incorporated herein by reference. The court briefly notes the following:

**Track assignment.** The parties suggest that this case can be ready for trial in 12 months, but request a trial period in September 2019 due to "potential scheduling issues." They propose other deadlines, including summary judgment, based on that trial date. The court approves the parties' proposal, which in essence sets this case on a 15-month track. The court shall nevertheless bear in mind that this scheduling order affords the parties additional time at the outset in the event the parties seek to extend deadlines or continue trial in the future.

**Disclosure of names against unnamed parties.** Civil Form 2 states that DeBenedetto disclosures shall occur no later than 30

days before the joinder of additional parties deadline and 45 days before the plaintiff's expert disclosure deadline.  In their discovery plan, the parties propose a deadline consistent with the second of these requirements but inconsistent with the first.  The court approves the parties' proposal without prejudice to the plaintiff moving to extend its joinder deadline in the event the defendant makes <u>DeBenedetto</u> disclosures.

**Electronic Information Disclosures.**  The parties indicate that they have conferred regarding the discovery of electronically stored information ("ESI"), have reached a preliminary agreement regarding the production of the same, and will have further discussions should disputes arise.  Based on these representations, the court will not at this time require the parties to supplement their statement regarding electronic information disclosures.  Should disputes arise regarding the production of ESI, however, then the court may require that the parties submit a more formal agreement on ESI production.

**Completion of discovery.**  The parties are advised that the court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed – not a deadline by which discovery is to be served.  Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline.  Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3)

would call for a response after the deadline, the recipient need not provide a response.

**Discovery disputes.** Should discovery disputes arise in this case, the parties may request an informal conference before filing a motion to compel. The party or counsel seeking discovery related relief should confer with opposing counsel, identify mutually available dates, and then contact the Deputy Clerk to schedule a conference with the court. The court will inform the parties and counsel what written materials, if any, will be permitted in advance of the conference. To the extent the aforementioned informal process does not resolve the discovery dispute, the parties may thereafter seek to resolve the dispute through a customary motion to compel discovery or other appropriate motion.

**Status Conference.** The clerk's office shall schedule a discovery status conference at least 60 days prior to the close of discovery. At least 7 days prior to the date of the conference, the parties shall submit a joint statement regarding the status of discovery.

**Pretrial Conference.** In light of the foregoing, the pretrial conference is cancelled.

SO ORDERED.

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

June 5, 2018

cc: Terry L. Ollila, Esq.
    Paul F. Kelly, Esq.
    James A. W. Shaw, Esq.