UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| EUGENE SCALIA,[1] Secretary of Labor,<br>U.S. Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>LOCAL 1400 COMMUNICATIONS<br>WORKERS OF AMERICA, AFL-CIO,<br><br>    Defendant. | No. 1:18-cv-262-PB |

**ASSENTED-TO MOTION FOR ENTRY OF AN AMENDED JUDGMENT**

Now comes Plaintiff Eugene Scalia, Secretary of Labor ("Plaintiff"), by and through his attorney, Scott W. Murray, United States Attorney for the District of New Hampshire, and hereby moves the Court for the entry of an amended judgment declaring that the individuals named in the Certification of Election, attached as Exhibit A, are officers of Local 1400, Communications Workers of America ("Defendant"). As grounds therefor, Plaintiff states as follows:

1. On March 30, 2018, Plaintiff filed a civil action in the United States District Court for the District of New Hampshire, captioned *R. Alexander Acosta, Secretary of Labor v. Local 1400, Communications Workers of America, AFL-CIO*, No. 1:18-cv-262-PB. Plaintiff alleged that Defendant violated section 401(e) of the LMRDA, 29 U.S.C. § 481(e), during the conduct of its October 4, 2017, election of officers. Plaintiff also alleged that the violations may have affected the outcome of the election and, thus, requested a judgment voiding the October 4,

---

[1] This action was originally brought by R. Alexander Acosta, former Secretary of Labor. During the pendency of this action, Eugene Scalia was appointed Secretary of Labor and substituted as Plaintiff. *See* Rule 25(d), Federal Rules of Civil Procedure; Rule 43(c)(2), Federal Rules of Appellate Procedure.

2017, election of union officers conducted by Defendant for the offices of President, Executive Vice President, Recording Secretary, Treasurer, District 2 Vice President, District 3 Vice President, District 4 Vice President, and District 5, 6, 7 Vice President.  *See* Document Number ("DN") 1.

2. Defendant denied all alleged violations of the LMRDA.  *See* DN 7.

3. On September 27, 2019, the United States District Court for the District of New Hampshire entered judgment for Defendant.  *See* DN 49.

4. On November 25, 2019, Plaintiff filed a Notice of Appeal from the District Court's September 27, 2019, Judgment to the United States Court of Appeals for the First Circuit *See* DN 53.

5. On May 22, 2020, as Plaintiff's appeal was pending, Plaintiff and Defendant reached a settlement agreement.[2]  Pursuant to the terms of the Settlement Agreement, Plaintiff and Defendant agreed:

(a) to the entry of an order, pursuant to Federal Rule of Appellate Procedure 42(b), dismissing Plaintiff's appeal and directing Defendant to conduct its next regularly-scheduled election for the offices of President, Executive Vice President, Recording Secretary, Treasurer, District 2 Vice President, District 3 Vice President, District 4 Vice President, and District 5, 6, 7 Vice President under the Secretary's supervision on or before November 30, 2020;

---

[2] The Settlement Agreement entered into between Plaintiff and Defendant was amended on July 24, 2020, to reflect the fact that, following a 2018 merger between Local 1400 and another Local, the position of District 5, 6, and 7 Vice President was eliminated and a new position, District WGBH Vice President, was added.  Accordingly, because the original settlement agreement encompassed District 5, 6, and 7 Vice President, but failed to include District WGBH Vice President, the Settlement Agreement was amended to reflect the changes.

(b)     that the United States District Court for the District of New Hampshire would retain jurisdiction pending completion of the supervised election so that the Secretary could certify the election results to it, as reflected in Exhibit A; and

(c)     that upon approval of the Certification, the District Court would enter an amended judgment declaring that such persons have been elected to a three-year term of office.[3]

6.      Plaintiff's appeal was dismissed on May 22, 2020.  *See* DN 56.

7.      Defendant completed the supervised election, and the individuals named in Exhibit A were duly elected as officers by acclamation.  *See* Exhibit A.

Accordingly, pursuant to the Amended Settlement Agreement, and Section 402(c) of the LMRDA, 29 U.S.C. § 482(c), Plaintiff and Defendant respectfully request that the Court order the entry of an amended judgment, a proposed copy of which is attached as Exhibit B, to reflect that the individuals named in Exhibit A have been duly elected to a three-year term of office in Local 1400, Communications Workers of America.

---

[3] The Settlement Agreement also included a provision that resulted in the adoption of an amendment to Article XIV, Section 1(A) of Local 1400's bylaws to omit the provision that each member seeking office self-obtain an election petition.  Thus, as a result of the amendment, the bylaw now provides as follows:

> Nomination for election to any Local Elective Office, with the exception of Chief Steward, but including Convention Delegates, shall be made by a petition obtained from the Election Committee between September 1st and the 3rd Thursday in September (inclusive), every three (3)years.  Members in good standing may request from the Election Committee nominating petition(s) on behalf of themselves or any other member.  The requesting member must provide his/her name, the name of the candidate, and the proposed office at the time that the petition is requested.  The Election Committee will ensure that all nomination petitions state the proposed candidate's name and proposed office.  All petitions must be returned to the Election Committee no later than 4pm on the 3rd Thursday of September of that election year.  All Nominees must be members in good standing for the prior (12) consecutive months to be eligible for any elected office.

                                                Respectfully submitted,

                                                SCOTT W. MURRAY
                                                United States Attorney

Dated: December 14, 2020               By: /s/ Terry L. Ollila
                                                Terry L. Ollila
                                                Assistant U.S. Attorney
                                                MA Bar No. 560603
                                                U.S. Attorney's Office
                                                53 Pleasant Street, 4th Floor
                                                Concord, NH  03301-3904
                                                Terry.Ollila@usdoj.gov